IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN BENNY JOHNSON, TDCJ #512217, | § § § | |
| Petitioner, | § § § | |
| v. | § § | CIVIL ACTION NO. H-09-0104 |
| NATHANIEL QUARTERMAN, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

## **MEMORANDUM AND ORDER**

The petitioner, John Benny Johnson (TDCJ #512217), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ").  Johnson has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge the calculation of his state court sentence.  After reviewing the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

**I.   BACKGROUND**

Johnson reports that he is currently in custody at TDCJ's Clements Unit in Amarillo, Texas.  Johnson is serving a twenty-year prison sentence that he received on March 23, 1989, in the 185th District Court of Harris County, Texas, for "auto theft."  Thereafter, Johnson

was released on the form of parole known as mandatory supervision.[1] Public records disclose that Johnson was convicted of at least two additional felony offenses while on mandatory supervision parole. In addition to his twenty-year sentence for auto theft, Johnson is serving a ten-year prison sentence that he received on February 19, 1993, for possessing a controlled substance, namely cocaine, and he is also serving a two-year prison sentence that he received on August 23, 2006, for committing aggravated assault with serious bodily injury.[2]

Johnson does not challenge any of his underlying convictions here. Instead, Johnson challenges the calculation of his prison sentence after the revocation of his supervised release, which reportedly occurred on May 26, 2006. Johnson claims that, in calculating his sentence upon his return to prison, officials denied him credit for approximately six years and

---

[1] There are two ways in which a prisoner becomes eligible for early release from confinement under Texas law. The first is by "parole" and the second is "mandatory supervision" release. "Parole" means "the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(6) (Vernon 2004). "Mandatory supervision" is "the release of an eligible inmate so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(5). Whereas parole is wholly discretionary, an inmate's release to mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." *Id.* at § 508.147(a); *Jackson v. Johnson*, 475 F.3d 261, 263, n.1 (5th Cir. 2007). Regardless of the distinction, once an inmate is released to mandatory supervision, he is considered to be on parole. *See Jackson*, 475 F.3d at 263, n.1 (citing TEX. GOV'T CODE § 508.147(b); *Coleman v. Dretke*, 395 F.3d 216, 219, n.1 (5th Cir. 2004)). Because the distinction does not make any difference in this case, the Court will refer to mandatory supervision and parole interchangeably to mean supervised release.

[2] *See* Texas Department of Criminal Justice, Offender Information, at www.tdcj.state.tx.us (last visited January 20, 2009).

four months of time that he spent out of physical custody. These time credits, commonly known as "street-time credits," were reportedly forfeited upon his parole revocation.[3]

In his pending petition, which is dated January 5, 2009, Johnson claims the Texas Court of Criminal Appeals granted relief in his favor on December 17, 2008, on state habeas corpus review under Article 11.07 of the Texas Code of Criminal Procedure. Court records confirm that TDCJ was ordered to credit Johnson "with the time he spent released on mandatory supervision, from the date of his release on December 8, 1999, to the issuance of the pre-revocation warrant on April 11, 2006[.]" *Ex parte Johnson*, No. AP-76062, 2008 WL 5387256, *2 (Tex. Crim. App. Dec. 17, 2008). Johnson complains that TDCJ still has not credited him with the amount of street time awarded by the Texas Court of Criminal Appeals. Although Johnson has not provided a TDCJ time-sheet in support of his claim, Johnson insists that he is entitled to a federal writ of habeas corpus to correct his sentence. The Court concludes, however, that Johnson's petition must be dismissed for reasons discussed further below.

## II. **EXHAUSTION OF REMEDIES**

The claim presented by Johnson concerns the administration of a state court sentence by state prison officials. To the extent that Johnson now claims that prison officials have failed to award street-time credit to his sentence in compliance with the state court decision

---

[3] "Street-time credit refers to calendar time a person receives towards his sentence for days spent on parole or mandatory supervision." *Ex parte Spann*, 132 S.W.3d 390, 392 n.2 (Tex. Crim. App. 2004).

in his favor, Johnson clearly has not yet presented this claim to prison officials or the state courts for review. Thus, he has not exhausted available state court remedies with respect to this claim.

Under the governing federal habeas corpus statutes, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Moore v. Quarterman*, 454 F.3d 484, 490-91 (5th Cir. 2006) (quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (internal citations and quotations omitted)). Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B). A reviewing court may raise a petitioner's failure to exhaust *sua sponte*. *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001).

To exhaust his state remedies under the applicable statutory framework, a habeas petitioner must fairly present "the substance of his claim to the state courts." *Moore*, 454 F.3d at 491 (quoting *Vasquez v. Hillery*, 474 U.S. 254, 258 (1986)). A federal habeas petitioner shall not be deemed to have exhausted the remedies available in the state courts

4

"if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(b)(1)(C).  In Texas, a criminal defendant may challenge a state court conviction and sentence by taking the following paths:  (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary.  *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c); *see also Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").  In addition, as of January 2000, Texas inmates who dispute the amount of time they have served may be required to present their claims to a prison "dispute resolution" tribunal prior to filing an application for a writ of habeas corpus under Article 11.07.  *See* TEX. GOV'T CODE ANN. § 501.0081 (Vernon Supp. 2001);  *Ex parte Stokes*, 15 S.W.3d 532 (Tex. Crim. App. 2000) (per curiam).

    Johnson does not allege or show that he has requested relief from the TDCJ time-credit dispute review tribunal.  Likewise, Johnson does not demonstrate that he has challenged the administration of his sentence with a state habeas corpus application under Article 11.07.  Thus, it appears that the Texas Court of Criminal Appeals has not yet had an opportunity to address the issues raised in the pending petition.  Because this state process remains available, the petitioner does not satisfy any statutory exception to the exhaustion

doctrine. Comity requires this Court to defer until the Texas Court of Criminal Appeals has addressed the petitioner's claims. It follows that the pending federal habeas petition must be dismissed as premature for lack of exhaustion.[4]

## III. **CERTIFICATE OF APPEALABILITY**

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability,

---

[4] Alternatively, it appears that the petition fails to state a claim upon which habeas corpus relief can be granted or that federal habeas corpus review is not otherwise available. To the extent that Johnson prevailed on his street-time claim in state court, there is nothing for this court to remedy and his petition appears moot. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (explaining that a case becomes moot if it "no longer present[s] a case or controversy under Article III, § 2 of the Constitution").

Likewise, to the extent that Johnson seeks relief on the grounds that state prison officials have failed to comply with the favorable decision issued by the Texas Court of Criminal Appeals, a federal writ of habeas corpus is not available for this purpose. *See Smith v. McCotter*, 786 F.2d 697, 700 (5th Cir. 1986) (observing that a federal habeas court does not "sit as a 'super' state supreme court" or act as "an arm of the Texas Court of Criminal Appeals" to review of issues of decided by state courts on state law grounds) (internal citations and quotation omitted). To the extent that Johnson seeks relief in the form of a writ of mandamus under 28 U.S.C. § 1367 to compel compliance with the state court decision, this Court has no power to issue federal writs of mandamus to direct state officials in the performance of their duties. *See Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973). Accordingly, it appears that the petition fails to state an actionable claim for this additional reason.

an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petition states a valid claim. Accordingly, a certificate of appealability will not issue in this case.

## IV.  CONCLUSION

For these reasons, the Court **ORDERS** as follows:

1. The petitioner's motion for leave to proceed *in forma pauperis* (Doc. # 2) is **GRANTED**.

2. The petition is **DISMISSED WITHOUT PREJUDICE** for failure of the petitioner to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction as required by 28 U.S.C. § 2254. Alternatively, the petition is dismissed for failure to state a claim upon which relief can be granted under 28 U.S.C. § 2254.

3. A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on <u>January 21st</u>, 2009.

Nancy F. Atlas
United States District Judge